ANDREW McLEAN COMPANY *v.* ADAMS MANU-
FACTURING COMPANY.*

---

TRADEMARKS; SIMILARITY OF MARKS; BURDEN OF PROOF.

1. There is no conflict between a trademark applied to millinery goods, and consisting of the word "Victor," associated with the figure of a knight on horseback, waiving aloft a standard, and a trademark applied to similar goods, and consisting of the word "Victoria," associated with a medallion having thereon a portrait of the late Queen Victoria, and

---

*Trademarks.—As to right to use a word substantially similar to that used by another, as trademark or tradename, as affected by differences in appearance in other respects, see case note to *Enoch Morgan's Sons Co* v. *Ward,* 12 L.R.A.(N.S.) 729.

surmounted by a crown, suspended from a letter of the word above it; and in the absence of sufficient testimony showing the existence of actual confusion resulting from the use of the two marks, both are entitled to registration.

2. Where an opposer to an application for registration of a trademark claims that the mark of the applicant and his own registered mark are so similar in appearance that the public would likely be deceived by the use of applicant's mark, but on the face of them the marks do not so conflict, the burden of proof is on the opposer to show that such result would probably follow.

No. 489.   Patent Appeals.   Submitted May 12, 1908.   Decided June 2, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to an application for registration of a trademark.                    *Affirmed.*

The facts are stated in the opinion.

*Messrs. Forbes & Haviland* and *Mr. Charles J. Hedrick, Mr. Lanier McKee,* and *Mr. Arthur Wm. Barber* for the appellant.

*Mr. Thos. E. Robertson* and *Mr. Benjamin R. Johnson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents dismissing the opposition of the Andrew McLean Company to the registration of a trademark by the Adams Manufacturing Company.

On April 8, 1905, the Adams Manufacturing Company, hereinafter referred to as the Adams Company, applied for the registration of a trademark used upon millinery goods, which it described as follows: "The trademark consists of the word 'Victoria,' associated with a medallion having thereon a representation of the head of the late Queen Victoria, and surmounted by a crown suspended from the letter 'T' of the word." This

was passed for publication. Within the time permitted after publication had been made, the Andrew McLean Company, hereinafter called McLean Company, filed opposition to the registration by the Adams Company, setting up the following grounds:

"First: That the said trademark is an infringement upon the trademark of the opponent consisting, among other things, of the words "The Victor," for the registration of which an application was filed in the United States Patent Office on the 24th day of May, 1905, under the number 6,335, for linings and foundations, crinolines, silk-finish linings, buckrams, and mulls, which goods are in part identical with the goods for which registration of the trademark No. 285 is sought.

"Second: That the trademark of the opponent has been continuously used in the business of the opponent or its predecessor, under whom it claims title, since the 3d day of October, 1881, and that such use by the opponent is prior to any use thereof by the said Adams Manufacturing Company."

This trademark of the McLean Company was registered December 5, 1905, and is described as follows: "The said trademark consists of the figure of a knight on horseback, waving aloft a standard, the figure resting upon an ornamental pedestal on which are inscribed the words 'The Victor,' the whole being surrounded by an ornamental border in oak-leaf design, all as shown in the accompanying drawing."

The mark of the McLean Company appears to have been adopted in 1881, and that of the Adams Company in 1895. The latter's trademark first consisted of the word "Victoria" alone; later the representation of a crown was added; and later still, in 1901, the medallion showing a representation of the head of the late Queen Victoria. It appears that since 1896 the McLean Company has been aware of the use of the name "Victoria" by the Adams Company, and had bought some of the manufactures of the Adams Company bearing that label, at various times. The first objection to that use began after the Adams Company applied for registration. It appears that while the applications of both parties were pending in the office

the McLean Company asked for a declaration of interference, which was denied.

Passing by some minor questions raised on the admission and exclusion of certain evidence, as unimportant, the one for determination is whether the trademark claimed by the Adams Company is identical with or so nearly resembles the trademark owned and used by the McLean Company, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers. See Trademark act, sec. 5.

It is urged by the McLean Company that its goods have become known to the trade as "The Victor" goods, and that confusion and mistake in the mind of the public are necessarily caused by the use of the word "Victoria," under which the goods of the Adams Company have been offered to the trade. Assuming that the goods of the McLean Company are thus known, and that if the words "The Victor" had been used by the Adams Company, it would be a violation of the acquired right of the McLean Company, notwithstanding its association with a distinctly different symbol, we are not prepared to say that the use of the word "Victoria" would necessarily constitute such an infringement. While there is a slight similarity in the sound of the two words when spoken, they give—especially as printed on the labels exhibited—a distinctly different impression to the eye. But we are not considering a case of that kind, nor one of unfair competition, in which the evidence of the manner of wrapping or putting up the packages of goods might be important. Neither party is using or claiming a use of the respective words alone. Each has invariably used and registered, or sought to register, not the words merely, but those words associated with a figure. The McLean Company's figure is a knight on horseback, waving aloft a standard; that of the Adams Company is a medallion showing the portrait of the late Queen Victoria, surmounting a crown suspended from a letter of the word above it. As has been well said by the Commissioner:

"It is clear from the description of the marks of the re-

spective parties above given that they are not identical. From a mere contemplation of the marks as they are shown on the labels submitted by the parties, which accord in each case with the description contained in the application and in the opposer's registration, it must be concluded that there is no conflict between them, there being but one feature of possible conflict, namely, between the words "The Victor," which is a part of the opposer's mark, and the word "Victoria," which is a part of the applicant's mark. The pictorial features of the marks are very different, and are each very prominent in the respective marks. * * * On the whole, the marks do not prima facie conflict, and we must therefore look to the evidence in the case to determine whether there has been an actual confusion, notwithstanding the different appearances of the two marks. The burden is upon the opposer to establish the existence of actual confusion."

The appellant contends that the burden of proof is not upon it to show that the public would likely be deceived by the use of the appellee's trademark, but upon the appellee to show that it would not. The cases cited all apply to a case where, upon the face of the marks claimed, it is doubtful whether purchasers would likely be deceived. No such case is presented here. Prima facie the two marks do not conflict in this respect, and it is incumbent upon the appellant, therefore, to overcome this prima facie case. The principle governing the burden of proof is the same in all cases. It is for this reason, as shown in the cases cited, that in an action for infringement the *onus* is upon the plaintiff to show that the defendant's mark is in fact likely to deceive purchasers. Here the Patent Office has decided that the trademark of each party is registrable, there being no apparent conflict between them as described in the several applications. We agree that there is no such apparent conflict. Hence, the opponent of the registration of the other's mark has the burden of showing that, as a matter of fact, the latter will likely cause confusion and deceive ordinary purchasers.

The evidence on this point has been carefully reviewed by the Examiner of Interferences. A further review is unneces-

Vol. XXXI.—33.

sary.   Having examined it, we are satisfied that it does not establish a case of actual confusion or deception arising from the use of appellee's trademark.

The decision will therefore be affirmed.   It is so ordered, and that this decision be certified to the Commissioner of Patents as required by the law.                                    *Affirmed.*